UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEONARD ARTHUR WATLEY,

    Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF AGRICULTURE,

    Defendant.

Case No. C07-1190RJB

ORDER ON MOTIONS FOR RECONSIDERATION

    This matter comes before the Court on Plaintiff's Motions for Reconsideration of this Court's denial of Plaintiff's Application for Court Appointed Counsel in Title VII Action. Dkt. 11-12. The Court has considered the pleadings filed in support of these motions, and the remainder of the file herein.

    On August 8, 2007, Plaintiff, pro se, filed a complaint naming the Washington State Department of Agriculture as defendant. Dkt. 1. Plaintiff was granted in forma pauperis status on August 8, 2007. Dkt. 2. Plaintiff uses what appears to be a form for a complaint. Dkt. 3. Plaintiff alleges that "Defendant's conduct is discriminatory with respect to the following: singling [him] out and treated [him] differently than the other permanent employees." *Id*. at 2. The complaint alleges that "the agency provided no documentation that supported their need to terminate my employment." *Id*.

    Plaintiff requested that an attorney be appointed for him. Dkt. 4. Plaintiff's motion indicated that he tried to obtain an attorney on the following dates: June 23, 2006, March 9, 2007, June 28, 2007, July 2, 2007 and July 5, 2007. Dkt. 4, at 2. On September 10, 2007, this Court denied Plaintiff's request for

ORDER
Page - 1

appointment of counsel. Dkt. 10.  On September 18, 2007, Plaintiff filed duplicate pleadings requesting that the Court reconsider its decision.  Dkt. 11-12.  In these pleadings, Plaintiff alleges that he is an African American, and that he was treated differently than white people employed at the agency.  *Id*.

Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."  In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit.  *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir. 1981).

At this stage in the litigation, Plaintiff still has not developed sufficient factual allegations to show that his claims have merit.  Plaintiff's motion for reconsideration should be denied.  Local Federal Civil Rule 7(h) provides, in relevant part, as follows:

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff has failed to meet his burden under Local Rule 7(h).  Plaintiff has not shown manifest error in the prior ruling.  Plaintiff has not shown new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.  Moreover, Plaintiff's filing of this motion for reconsideration demonstrates that he is able to articulate the instant case's claims pro se in light of the complexity of the legal issues involved.  Plaintiff has initiated this matter and is cautioned that he is expected to comply with the Federal Rules of Civil Procedure, the Local Federal Rules of Civil Procedure, and the orders of this Court.  Plaintiff's motions for reconsideration should be denied.

Therefore, it is hereby, **ORDERED** that the Plaintiff's Motions for Reconsideration (Dkts. 11-12) are **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 21st day of September, 2007.

ROBERT J. BRYAN
United States District Judge