UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONARD ARTHUR WATLEY,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF AGRICULTURE,<br><br>Defendant. | Case No. C07-1190RJB<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on Plaintiff's response to the Court's Order to Show Cause. Dkt. 23. The Court has considered pleading filed and the file herein.

On August 1, 2007, Plaintiff, *pro se*, filed a complaint naming the Washington State Department of Agriculture as defendant. Dkt. 1. Plaintiff was granted *in forma pauperis* status on August 8, 2007. Dkt. 2. Plaintiff uses what appears to be a form for a Complaint. Dkt. 3. Plaintiff alleges that "Defendant's conduct is discriminatory with respect to the following: singling [him] out and treat[ing] [him] differently than the other permanent employees." *Id*. at 2. The Complaint alleges that "the agency provided no documentation that supported their need to terminate [his] employment." *Id*. Plaintiff references Title VII of the Civil Rights Act of 1964. *Id.*

Plaintiff's motion to have an attorney appointed for him was denied on September 10, 2007, and the motion for reconsideration of the denial of the motion to appoint counsel was denied on September 21, 2007. Dkts. 8 and 13. Plaintiff filed a Notice of Appeal on October 19, 2007, and the case was stayed

pursuant to *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301 (9th Cir. 1981) (an order denying appointment of counsel in Title VII suit is appealable, falling squarely within "collateral order" exception to final judgment rule). Dkts. 15 and 17. On December 17, 2008, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for failing to file his opening brief. Dkt. 21.

On February 12, 2009, this Court issued an Order, noting that the Defendant had not been served in the approximately 79 days which had passed between the filing of the Complaint and the filing of the Notice of Appeal. Dkt. 22. Further, an additional 57 days had passed since the appeal was dismissed and the Complaint had not been served. *Id.* Accordingly, pursuant to Fed. R. Civ. P. 4 (m), Plaintiff was ordered to serve the Defendant or show cause why this matter should not be dismissed without prejudice by March 13, 2009. *Id.*

Plaintiff responded, arguing that, he was under the impression that all deadlines had been terminated once his case was on appeal. Dkt. 23. He asserts that he "has proof that the Defendant violated the employment laws that protect the Plaintiff." *Id.* He then states that "[i]f the Court will show prejudices by not allowing the Plaintiff counsel, then the Plaintiff has no choice but to yield to the prejudices of the Court, in which those prejudices have also denied the Plaintiff's civil rights." *Id.* No further pleading appears in the record.

This opinion will first address Plaintiff's motion for appointment of counsel, to the extent that he makes one, and then his response to the order to show cause.

**A.      APPOINTMENT OF COUNSEL**

To the extent that Plaintiff again moves for appointment of counsel, his motion should be denied. Dkt. 23. Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir. 1981).

At this stage in the litigation, Plaintiff still has not developed sufficient factual allegations to show that his claims have merit. Plaintiff's filings demonstrate that he is able to articulate the instant case's

1 claims *pro se* in light of the complexity of the legal issues involved. Plaintiff's motion for appointment of counsel (Dkt. 23) should be denied.

### B. FAILURE TO SERVE THE COMPLAINT UNDER FED. R. CIV. P. 4(m)

Fed. R. Civ. P. 4(m), provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

There is no evidence in the record that this Complaint has been served. The record indicates that approximately 79 days passed between the filing of the Complaint and the filing of the Notice of Appeal. An additional 97 days have now passed since the appeal was dismissed. Plaintiff is not in custody. Plaintiff still has not requested that the Court direct that service be effected by a United States marshal or other person specially appointed by the Court for that purpose pursuant to Fed. R. Civ. P. 4(c)(2). Despite the warnings given in the February 12, 2009, order, Plaintiff has taken no action in his case. Plaintiff has failed serve his Complaint, or to show cause why this matter should not be dismissed without prejudice for his failure to serve the Complaint. Accordingly, pursuant to Fed. R. Civ. P. 4 (m), this case should be dismissed without prejudice for failure to serve the Complaint.

Therefore, it is hereby, **ORDERED** that:

- Plaintiff's motion for appointment of counsel (Dkt. 23) is **DENIED**; and
- This matter is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to serve the Complaint pursuant to Fed. R. Civ. P. 4(m).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of March, 2009.

ROBERT J. BRYAN
United States District Judge